## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7169 | **DATE** | 1/10/2008 |
| **CASE TITLE** | Doneice Johnson vs. Experian Credit Bureau | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, Plaintiff's motion to proceed *in forma pauperis* [4] is denied and her case is dismissed with prejudice. Civil case terminated.

■[ For further details see text below.]                                                                             Docketing to mail notices.

## STATEMENT

   Plaintiff Doneice Johnson ("Johnson") has moved the court to proceed *in forma pauperis*. For the reasons stated below, Plaintiff's motion is denied and her case is dismissed with prejudice.

   As part of the initial review of a petition to proceed *in forma pauperis*, the Court analyzes the claims and will dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *See Flowers v. Columbia College Chicago*, 397 F.3d 532, 535 (7th Cir. 2005). For purposes of this decision, the Court takes plaintiff's allegations as true, viewing them in the light most favorable to the plaintiff. *See Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). In general, a complaint filed in federal court need only provide enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and the allegations therein must demonstrate that the plaintiff's entitlement to relief is plausible, rather than merely speculative. *Lang v. TCF Nat'l Bank*, No. 07-1415, 2007 U.S. App. LEXIS 22588, *5 (7th Cir. Sep. 20, 2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (additional citations omitted)). And given that plaintiff appears *pro se*, the Court construes his pleadings liberally. *See Henderson v. Sheahan*, 196 F.3d 839, 845-46 (7th Cir. 1999).

   In her *pro se* Complaint, Johnson alleges that Experian violated the Fair Credit Reporting Act ("FCRA") when it negligently failed to correct inaccurate information on the credit report of at least one of her consumer-clients, James Bennett ("Bennett"), after Johnson brought the inaccuracies to Experian's attention. Though her Complaint is far from clear, it appears to the Court that Johnson is (or was) in the business of providing assistance – for a fee – to consumers seeking to correct information appearing on the consumers' credit reports that the consumers believe to be in error. Johnson alleges that, as a result of Experian's failure to correct Bennett's report, other actual or potential clients lost faith in her ability to produce positive results and, accordingly, took their business elsewhere.

**STATEMENT**

Johnson's Complaint must be dismissed because she has no private right of action under the FCRA. "The FCRA places various requirements on consumer credit reporting agencies, furnishers of credit information to consumer credit reporting agencies, and users of consumer credit reports." *Jeffries v. Dutton & Dutton P.C.*, No. 05 C 4249, 2006 U.S. Dist. LEXIS 32439, *16 (N.D. Ill. May 11, 2006) (citing *Ayers v. Equifax Information Services*, No. 3:03CV551, 2003 WL 23142201, *2-3 (E.D. Va. Dec. 16, 2003). The FCRA also provides that "[a]ny person who is negligent in failing to comply with any requirement imposed under this title . . . with respect to any consumer is liable *to that consumer* . . ." 15 U.S.C. 1681o(a) (emphasis added).

In this case, Johnson alleges that Experian negligently failed to correct inaccurate information on *Bennett's* credit report. Accepting that allegation as true, the clear language of section 1681o provides a private right of action for *Bennett*, but not for Johnson. The violation alleged is alleged "with respect to" Bennett, not Johnson. While the FCRA creates a private right of action in favor of the consumer with respect to which a violation is alleged, it does not create a private right of action in favor of parties working for that consumer in an effort to correct erroneous information.

Accordingly, and for all of the reasons set forth herein, Johnson's Complaint is DISMISSED WITH PREJUDICE.